IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| LUANA SAVINGS BANK, | NO.: _____ |
| Plaintiff, | |
| vs. | |
| FEDERAL HOME LOAN BANK OF DES MOINES, | **COMPLAINT AND JURY DEMAND** |
| Defendant. | |

## PARTIES

1. Luana Savings Bank ("LSB") is a state bank organized and operating under Iowa Code Chapter 524 with its home office in Luana, Iowa.

2. Federal Home Loan Bank of Des Moines ("FHLB") is a federally charted bank established pursuant to the Federal Home Loan Bank Act, 12 U.S.C. §§ 1421, *et. seq.*

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this case and the parties pursuant to 12 U.S.C. § 1432(a), because FHLB can "sue and be sued" in federal court.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because FHLB is located within this judicial district.

## FACTUAL ALLEGATIONS

5. Since 2007, LSB has been a participating financial institution ("PFI") in FHLB's Mortgage Partnership Finance ("MPF") program.

6. Under the MPF program, FHLB purchases residential mortgage loans from community banks like LSB, subject to certain conditions.

1

7. Banks can participate in the MPF program in different ways. One option under the MPF program is for banks to sell residential mortgage loans to FHLB, but the seller bank retains the servicing rights for the loans sold to FHLB for the life of the loan.

8. LSB participated in the MPF program as a servicer of loans LSB sold to FHLB.

9. In addition to the MPF program, LSB borrows has a line of credit with FHLB that allows LSB to borrow funds in the form of advances from FHLB.

10. Since March 2020, FHLB has not allowed LSB to take any further advances from its line of credit at FHLB.

11. LSB's total borrowings from FHLB will decline during 2020 by at least $55 million as LSB pays off outstanding advances, and is unable to take new advances.

12. Pursuant to 12 C.F.R. § 1277.22[1] and FHLB's May 31, 2015 capital plan ("Capital Plan"), LSB was required as a participant in the MPF program and a borrower to purchase activity-based stock to support LSB's activity with FHLB.

13. According to the Capital Plan, LSB is required to purchase activity-based stock from FHLB equal to 4% of the total assets FHLB acquired from LSB. (FHLB Capital Plan, As Amended on May 15, 2015, *available at* https://www.fhlbdm.com/webres/File/member-support/Capital_Plan.pdf).

14. As the volume of assets FHLB acquires from LSB grows through the sale of mortgage loans or additional borrowings, LSB must purchase additional activity-based stock to ensure that its total activity-based stock holdings equal 4% of the total assets sold to FHLB.

15. If the assets FHLB acquired from LSB decrease, the amount of activity-based

---

[1] Section 2.1 of the Capital Plan cites 12 C.F.R. § 931.2 for FHLB's authority to issue capital stock. However, 12 C.F.R. Part 931 was moved to 12 C.F.R. Part 1277 by 80 F.R. 12753-01 (2015), 2015 WL 102287.

stock LSB holds will exceed the 4% threshold required by the Capital Plan.

16. Pursuant to § 4.2.2 of FHLB's Capital Plan, FHLB committed to repurchase activity-based stock that exceeds the thresholds required for activity-based stock holdings established in FHLB's Capital Plan:

> The [Federal Home Loan] Bank *will repurchase* any Excess Shares of Activity Based Stock that exceed the operational threshold established in Appendix I, *on at least a scheduled, monthly basis in accordance* with section 2.2 and subject to the limitations set forth in section 4.3. The Bank will notify Members at least 15 days in advance of the scheduled date(s) for repurchasing Activity Based Stock and prior to implementing any changes in the scheduled date(s) for repurchasing Activity Based Stock.

(Capital Plan § 4.2.2) (emphasis added).

17. Since March 2, 2020, LSB has not sold any residential mortgage loans to FHLB through the MPF program.

18. As a result, total assets from LSB at FHLB have been declining, because borrowers have paid off or refinanced their loans.

19. LSB will also pay off advances from its FHLB line of credit, further reducing the total activity with FHLB that requires activity-based stock.

20. As FHLB's assets acquired from LSB decrease, LSB's activity-based stock holdings have exceeded the threshold established in the Capital Plan.

21. Since March 2020, pursuant to § 4.2.2 of FHLB's Capital Plan, FHLB has been repurchasing LSB's activity-based stock holdings that exceed the 4% threshold.

22. LSB maintains a demand deposit account ("DDA") at FHLB for the purpose of facilitating transactions with FHLB.

23. According to § 2.2 of the Capital Plan, proceeds from the repurchase of the activity-based stock should be deposited into LSB's DDA at FHLB:

> Upon redemption or repurchase of Capital Stock, the Bank retires the stock, debits the stockholder's Class A Stock, Membership Stock or Activity Based Stock balance, as appropriate, *and credits the stockholder's demand deposit account with any proceeds*.

(Capital Plan § 2.2) (emphasis added).

24. Since March 2020, FHLB has not paid proceeds from the repurchase of LSB's activity-based stock to LSB's DDA, but has instead withheld the repurchase proceeds from LSB.

25. In a letter on March 20, 2020, FHLB's counsel informed LSB that proceeds from the repurchase of activity-based stock are being held in a certificate of deposit for the benefit of LSB, and are not available to LSB. (Exhibit 1).

26. FHLB claims it is entitled to withhold the proceeds, because FHLB claims LSB breached certain provisions of LSB's agreement with FHLB to participate in the MPF program.

27. LSB denies FHLB's claims that LSB breached the PFI Agreement, and that FHLB has suffered damages.

28. FHLB claims LSB has damaged FHLB, but has not provided LSB with a matured, liquidated damage figure, nor has FHLB articulated a reasonable basis for calculating alleged damages.

29. FHLB has stated it will continue to deposit repurchase proceeds into a certificate of deposit, rather than make them available to LSB, which is contrary to FHLB's Capital Plan.

30. Since LSB is no longer selling residential mortgage loans to FHLB, the amount of activity-based stock LSB is required to hold will continue to decrease, which will increase the amount of repurchase proceeds that FHLB is withholding from LSB.

31. FHLB will continue to hold an increasing amount of LSB's repurchase proceeds.

32. At present, FHLB is holding approximately $1,813,000 of LSB's funds.

33. LSB still owns activity-based stock worth approximately $27,070,300.

## COUNT I: DECLARATORY JUDGMENT

34. LSB repleads the prior paragraphs as if fully set forth herein.

35. Pursuant to 28 U.S.C. § 2201, LSB requests the Court enter a declaratory judgment that FHLB is wrongfully withholding proceeds from FHLB's repurchase of LSB's activity-based stock.

36. FHLB's Capital Plan states proceeds from the repurchase of excess activity-based stock will be paid to LSB's DDA.

37. FHLB has not complied with the Capital Plan, because FHLB is withholding the repurchase proceeds in a certificate of deposit.

38. Regardless of whether LSB has a pending dispute with FHLB regarding termination of LSB's participation in the MPF Program, FHLB is not entitled to retain proceeds from the repurchase of LSB's activity-based stock.

39. LSB is entitled to a declaratory judgment that FHLB is wrongfully withholding LSB's repurchase proceeds.

## COUNT II: CONVERSION

40. LSB repleads the prior paragraphs as if fully set forth herein.

41. LSB is entitled to receive the repurchase proceeds from FHLB according to the Capital Plan.

42. FHLB has intentionally withheld funds owed to LSB pursuant to the FHLB Capital Plan.

43. LSB is not able to access the proceeds from the repurchase of the activity-based stock based on FHLB's actions.

44. FHLB's dominion and control over the repurchase proceeds is inconsistent with

FHLB's right and title to those proceeds.

45. FHLB's actions have damaged LSB by depriving LSB of funds that rightfully belong to LSB.

## COUNT III: BREACH OF CONTRACT

46. LSB repleads the prior paragraphs as if fully set forth herein.

47. As a condition of LSB's participation in the MPF Program, LSB is required by the Capital Plan and 12 C.F.R. § 1277.22 to purchase activity-based stock.

48. LSB purchased activity-based stock as required by the Capital Plan and federal regulations.

49. FHLB engaged in transactions with LSB because of LSB's purchase of activity-based stock.

50. The Capital Plan states FHLB will repurchase excess activity-based stock, and return those proceeds to the participating financial institution.

51. FHLB has breached its contractual obligation to LSB by failing to pay the repurchase proceeds to LSB.

52. LSB has performed its obligations as required by the Capital Plan.

## COUNT IV: PROMISSORY ESTOPPEL

53. LSB repleads the prior paragraphs as if fully set forth herein.

54. FHLB's Capital Plan makes a clear and definite representation that FHLB will repurchase excess activity-based stock and deposit those proceeds in LSB's DDA.

55. In reliance on the representations in the FHLB Capital Plan, LSB participated in the MPF Program as a participating financial institution, which required LSB to purchase activity-based stock to maintain the threshold established by FHLB in the Capital Plan.

56. LSB relied on FHLB's representations to LSB's detriment, now that FHLB is refusing to return LSB's repurchase proceeds to LSB.

57. FHLB knew that members would act in reliance on the representations in the Capital Plan.

58. LSB has been damaged by FHLB withholding LSB's proceeds, and it would be unjust to allow FHLB to withhold the repurchase proceeds.

## COUNT V: UNJUST ENRICHMENT

59. LSB repleads the prior paragraphs as if fully set forth herein.

60. By withhold LSB's repurchase proceeds, FHLB is receiving a benefit.

61. The benefit to FHLB comes at LSB's expense, because LSB is not able to benefit from receipt of the repurchase proceeds.

62. FHLB has no right to the repurchase proceeds, so it is unjust to allow FHLB to continue to benefit from holding LSB's repurchase proceeds.

## COUNT VI: INJUNCTION

63. LSB repleads the prior paragraphs as if fully set forth herein.

64. LSB is entitled to injunctive relief pursuant to Fed. R. Civ. P. 65.

65. The growing balance of activity-based stock repurchase proceeds is a material source of funds for LSB.

66. Denying LSB access to the repurchase proceeds has a material impact on LSB's liquidity, which is a key element of a financial institution's safety and soundness under FDIC rules. *See* 12 C.F.R. Part 329.

67. LSB will suffer irreparable injury if FHLB continues to withhold the repurchase proceeds. The repurchase proceeds provide liquidity to LSB, and denying LSB access to an

increasing source of liquidity is harmful to LSB when LSB should have access to those funds.

68. Paying the repurchase proceeds to LSB will not have a material impact on FHLB. FHLB has more than adequate security and collateral to protect FHLB from any potential damage claim it may have, if FHLB is ever able to substantiate its entitlement to a liquidated amount of damages.

69. LSB is likely to succeed on the merits, because the Capital Plan states that repurchase proceeds will be paid to LSB's DDA without limitation.

**JURY DEMAND**. LSB demands trial to a jury pursuant to Fed. R. Civ. P. 38 on all issues triable to a jury.

**WHEREFORE**, Luana Savings Bank respectfully requests the Court enter judgment as follows:

A. A judgment declaring LSB is entitled to immediate possession under FHLB's Capital Plan to proceeds from the repurchase of excess activity-based stock;

B. Judgment awarding LSB the amount of activity-based stock proceeds currently held by FHLB in a certificate of deposit and any future amounts deposited in LSB's DDA;

C. An injunction against FHLB withholding any future proceeds from the repurchase of excess activity-based stock.

By: /s/ John E. Lande
John E. Lande, AT0010976
Mollie Pawlosky, AT0006198
OF
DICKINSON, MACKAMAN, TYLER & HAGEN, P.C.
699 Walnut Street, Suite 1600
Des Moines, Iowa  50309-3986
Telephone:  (515) 244-2600
FAX:  (515) 246-4550
jlande@dickinsonlaw.com
mpawlosky@dickinsonlaw.com
Attorneys for Plaintiff, Luana Savings Bank